Good morning. May it please the court, Jonathan Libby appearing on behalf of the appellant, Gabriel Gonzalez-Larrea. And I'd like to thank the court for accommodating my schedule this morning. We understand it's for a good civic duty. You're being called on jury duty, is that it? Yes. Thank you. Well, I hope you get on a jury. Then you can find out what it's like. Your Honor, resensing must be ordered in this case because the district court failed to show that it adequately considered mitigating factors Mr. Gonzalez-Larrea had raised under section 3553A. The court didn't address the defense mitigation. Instead, it focused pretty much exclusively on the advisory guideline range and said that as far as it could determine, the advisory guideline range covered all of the 3553A factors. Well, but why, I think, didn't the district judge start out with something like, moving to the 3553A factors, I think most of them are covered by the factors that made up the framework for the advisory guideline sentence in this case, but I would single out a couple of them for comment. So it's not that he doesn't know what they are. And it's not that the law requires you to go through everyone rotely and say, this applies to this, this applies to that. That's absolutely correct that the court is not under any obligation to actually go through each and every one of the 3553A factors. However, the court is, I believe, obligated to address those 3553A factors that the defense has raised, has presented to the court. And in fact, the court did here acknowledge that the argument had been made, had been presented. But beyond making a mention of the fact that defense had made the 3553 argument, it then conducted no analysis, did not give any indication that it had considered the arguments in the 3553A analysis. Are we talking about the Good Samaritan aspect? That's correct, Your Honor. Why do you think Judge Phillips didn't take that into account, then? Well, Your Honor, the fact is we don't know whether Judge Phillips took it into account. That's the problem when the court did not give, the full explanation did not give any, did not make any mention of the arguments once she was analyzing the 3553A factors. Well, but let's sort of get practical from the standpoint. You know, obviously, if you said the judge was sleeping, you could say the judge didn't consider it. We have to assume the judge heard it. But what the judge didn't do is the judge didn't buy it in the way that either you or defense counsel, you know, argued it. And so it's, you know, I think, you know, I mean, I sat and sentenced a lot of people. And it doesn't mean that you didn't hear it. But because you don't construe it in the same light that the parties would like you to, whether it be the government or, you know, or the defense counsel, it doesn't mean you didn't hear it and consider it. You hear, I know these are the factors. I heard what you said. But this is a sentence that I think is appropriate. And I'm not giving you what you want. Now, why doesn't that mean you didn't consider it? Well, if the court here had simply said, I have considered the arguments. I have balanced that, the history and characteristics of the defendant as you presented them to me, and balanced against these other 3553A factors that I've considered, I am now going to impose this sentence, then we wouldn't have an issue here. That would absolutely have been sufficient if she had just said an extra sentence. But the fact is, she made no mention of it. She goes through, she goes through, says, I'm moving to the 3553A factors now. This is my analysis under 3553A. And she doesn't discuss at all the history and characteristics of the defendant as was presented to her by the defense. And since we do not know, I would submit resentencing should be ordered here. The various cases post-Booker, from other circuits that have looked at this, have made it very clear, and this is whether they're applying a presumptive standard, that guidelines are presumptively reasonable, regardless of the standard that they apply, courts have said that the district judge must make a record, and this, for example, Richardson from the Sixth Circuit, where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it. So you think she considered it but didn't explain the basis? Well, it's not clear that she, in fact, considered it. She certainly was aware of it, but it's – Well, I think, counsel, I think in fairness she's more than just aware. She's opening up and saying she refers to the aid to the injured motorist not only once but twice. I'm looking at ER 30. So then what you're concerned about is she talks about it, but she doesn't then explain in the context of going on and explaining the deterrence and the disparate treatment factors that she did talk about. She didn't somehow come back and say, and these outweigh or whatever. Is that your point? That is most of my point, Your Honor. It was presented to the court, this argument, the Good Samaritan argument, was presented to the court both in terms of a downward departure and as mitigating evidence under 3553A. But when she says, I cannot see that a sentence within the guidelines is not appropriate given all of the factors that I have to adhere to, doesn't that take care of it all? Well, she was saying that, however, in the context of analyzing two specific 3553A factors, those being adequate deterrence to criminal conduct and avoiding disparity in sentencing. It was not discussed in terms of the history and characteristics of the defendant. In fact, the only history and characteristics of the defendant she discussed under her 3553A analysis was his criminal conduct. Well, except for, isn't it inherent in the whole process in that it's brought up that some time ago, which it's not related to this offense, he did give aid to a seriously injured motorist, then there's also a discussion of he's got a fairly significant criminal history. And isn't it inherent in that, by virtue of the fact that you didn't get what you're asking for, and that the court emphasized deterrence, emphasized those records, that those didn't balance out in the defendant's favor? Well, first, with respect to whether or not this is related to the offense, it appears that the assistance that he gave to the injured motorist occurred during his most recent illegal reentry to the country. So I would submit that, in fact, is part of this offense, which was being found in the United States unlawfully after that illegal reentry. So I believe it does relate to the offense, and that's another reason why perhaps the judge should have given... Well, I guess it relates in the same way that your priors relate. You know, what you do when you're here that's bad, and then what you do when you're here that's good... That's right. ...are all something that the court considered. Absolutely. And it's not clear here that she, in fact, balanced that under the 3553A analysis. At least, she didn't say she did. And I would submit, on this record, it's not clear, in fact, that she did do that. This is an enlightening argument. Just as a matter of disclosure to counsel, there's an en banc, Zavala-Carty, which will probably address a lot of the issues you're raising. So we'll see whether you're a good predictor of what the en banc. If they reach it, who knows. Absolutely. So it may be that we won't have the ultimate word on it in any event. And we certainly understand that. Okay. Unless the court has any additional questions, I'd reserve the balance. All right. Thank you. Good morning, Your Honors. Brian Hostap for the United States. As the Court just mentioned, this Court has within its rights the ability to defer this case pending the outcome of Zavala-Carty. Or the government believes, on the basis of the facts that are before it, regardless of how Zavala-Carty comes out as an en banc matter, the outcome in this case should be the same. Because the District Court did hear everything that it was supposed to do under this Court's post-Booker reasonableness analysis. What if the en banc court rules that it's not enough for the court, the district judge, to acknowledge the request for a downward departure of the ground, as in this case, or to consider it as a mitigating factor under 3553? The court also has to articulate, as counsel has argued, has to articulate how and why the district judge resolved that particular rule. How would this record allow us to sustain the sentence under that kind of a rule? I think that when the record is viewed as a whole, what the District Court did is it understood the defendant's argument in this case, both as being a request for a downward departure or adjustment under the guideline, part of the first analysis, as well as a 3553A factor in terms of the history and characteristics of the defendant. In fact, that's what the District Court actually said. She recognized it as such. When you look at the course of what the District Court did at Excerpt of Record 30 and 31, it acknowledged the defendant's argument as a potential 3553A factor, then went on to state its belief that the guidelines, the recommended guideline sentence in this case, corresponded with what was reasonable under most of these factors. How would that be true in the case of an unusual factor? The Good Samaritan Act that was performed here was hardly anticipated by the sentencing commission. It's an act committed in the course of an illegal reentry. The fellow goes off and helps an injured motorist. How would you articulate that that's covered by the sentencing guideline? What the court did is the court went on in discussing both the need for deterrence and the need to consider disparity with this defendant, who was not a fast-track defendant, versus some of the fast-track defendants that the court had seen. Those two factors from the court's articulation of its reasons for sentence seem to be more aggravating factors. I understand. What did she say about the Good Samaritan? Where did that fit in the balance? The court did not explicitly say, I don't find that the Good Samaritan outweighs the other aggravating factors. But when you look at what the court did, the court acknowledged the Good Samaritan, acknowledged these other aggravating factors, and ultimately came out to the sentence. But the premise of my question is because you said we don't necessarily have to hold. That may be true if it's clear-cut. But if you assume that the – and I'm just assuming, I'm not predicting – that the rule is that when you have a specific, if you see an ad hoc factor or event here, as this one is, that the court can't just acknowledge that it's been raised, but also has to articulate how and why she has decided not to give it, or what weight, if any, she's decided to give it in the balance. I'm still not hearing from your articulation how we can say on this transcript that that standard would be met. I think if the in-bank panel makes the holding that there has to be an explicit discussion of why, I don't think that this record has that. I think that the implicit record here is fairly strong as to what the court did. And thus far, the decisions that this court has issued thus far, and even the Cunningham decision relied upon by the defense, does not require some sort of explicit explanation, just implicit discussions, or particularly for arguments that in the grand scheme of things are very important. But to sum up, if the in-bank court says it must be explicit, we reject, disavow, overrule anything that suggests otherwise, then you would agree that this transcript doesn't do it. But if it's anything close to implicit, then you would argue that you prevail. I think so. I don't think there's any way that on what the district court said here that she actually went through and fulsomely explained why it didn't matter. But I think that it's clear from the way in which she discussed the sentence and imposed it that she felt that the aggravating factors outweighed the mitigating, and that's why she rejected it and ultimately concluded that the low-end guideline sentence was appropriate. Well, let me just also put this out for you. Let's assume that if we were to predict and we get it right, and if we said that we go ahead and do it, I don't know why would that really end it from the standpoint that when someone's doing 70 months or you have people that are doing 120 months or they have a long time to do, my Machiavellian side says that lawyers are going to continue to litigate that. If you have a new case that comes out, you're going to say how that would benefit your client, and many times appropriately so. And so then we'd have a whole other round of briefing anyway. So from the government's perspective and from everyone's perspective, I don't know with guessing how something's going to do is really going to ultimately save anyone any time. And because if I were defense counsel and someone had a lengthy sentence, I would still have to somehow try to see why they would get the benefit of that until the court said otherwise. Again, I mean, this court, again, would be well within its rights to hold off and to wait to see what the in-bank decision does and to make its ruling. But in the spectrum of cases that have come out thus far, and even the sin that was committed in Zavala and in McCarty, neither of those particular sins are here. In Zavala, the court said you have to prove to me either above or below the guideline. I'm going to treat the guidelines as a presumptive range. That didn't happen here. And in McCarty, the court simply said I'm adopting the PSR and I'm going to go with the low end. And here the court went far beyond that in actually noting that it was acknowledging the 3553A factors and discussing several of them. Unless the court has any further questions, we would submit. Thank you. Thank you. Unless the court has any additional questions, that's it. Now you can go ask your questions on board there. And be truthful. I know you will. And don't take a position on the death penalty. All right. Thank you both. We appreciate the good arguments from counsel.
judges: Gibson , Fisher, Callahan.